# CONSOLIDATED SAFETY–VALVE COMPANY
## *v.* KUNKLE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Argued October 27, 28, 1886. — Decided November 15, 1886.

In view of the construction given in *Consolidated Safety-Valve Co.* v. *Crosby Steam-Gauge and Valve Co.*, 113 U. S. 157, to the claim of letters-patent No. 58,294, granted to George W. Richardson, September 25th, 1866, for an improvement in safety-valves, and to the claim of letters-patent No. 85,963, granted to said Richardson, July 19th, 1869, for an improvement in safety-valves for steam-boilers or generators, the defendant's safety-valves in this case, having no huddling chamber, and no strictured orifice, were held not to infringe either patent.

In equity to recover for infringement of letters-patent. The case is stated in the opinion of the court.

*Mr. Thomas William Clarke* for appellant.

*Mr. James H. Raymond* for appellee.

Mr. Justice BLATCHFORD delivered the opinion of the court.

This is an appeal by the plaintiff in a suit in equity to recover for the infringement of two letters-patent, from a decree dismissing the bill. The suit was brought in the Circuit Court of the United States for the Northern District of Illinois, by the Consolidated Safety-Valve Company, a Connecticut corporation, against Erastus B. Kunkle, on letters-patent No. 58,294, granted to George W. Richardson, September 25th, 1866, for an improvement in safety-valves, and on other letters-patent, No. 85,963, granted to the same person, January 19th, 1869, for an improvement in safety-valves for steam-boilers or generators. These are the same two patents which were the subject-matter of the litigation involved in the case of *Consolidated Safety-Valve Company* v. *Crosby Steam-Gauge & Valve Company*, decided by this court at October Term, 1884, and

reported· in 113 U.S. 157. The specifications and claims and drawings of the two patents are set forth fully in the report. of that case. The patents were, both of them, held to be valid and to have been infringed.

The claim of the patent of 1866, "A safety-valve, with the circular or annular flange or lip *c c*, constructed in the manner, or substantially in the manner, shown, so as to operate as and for the purpose herein described," was construed as covering "a valve in which are combined an initial area, an additional area, a huddling chamber beneath the additional area, and a strictured orifice leading from the huddling chamber to the open air, the orifice being proportioned to the strength of the spring, as directed."

The claim of the patent of 1869, "The combination of the surface beyond the seat of the safety-valve, with the means herein described for regulating or adjusting the area of the passage for the escape of steam, substantially as and for the purpose described," was construed as covering "the combination with the surface of the huddling chamber, and the strictured orifice, of a screw-ring to be moved up or down to obstruct such orifice more or less, in the manner described."

The decree in the present case was made in January, 1883, and proceeded, as it states, on the ground that the defendant's valves did not infringe the patents. This also appears from the decision of the Circuit Court, reported in 14 Fed. Rep. 732. As the defendant's valves have no huddling chamber, and no strictured orifice leading from a huddling chamber to the open air, we are of opinion that they do not infringe either of the patents.

*Decree affirmed.*